[*Special Term, April,* 1871.]

## JAMES T. PRESCOTT *v.* HENRY BRUCE AND COMPANY.

In a suit against innkeepers, it is a sufficient allegation in the petition to state that the plaintiff as a guest was entertained by the defendants as innkeepers, to hold them to liability as such for a loss of goods.

A gold watch, chain, and seal are parts of a traveler's baggage, for the safety of which the innkeeper may be liable; and an allegation that they were stolen from the plaintiff's bedroom, after a servant had entered to make a fire therein, by some one else entering by the unlocked door, without any fault of plaintiff, is a sufficient averment of no negligence on his part.

*King, Thompson & Avery,* for plaintiff.

*Hoadly, Jackson & Johnson,* for defendants.

HAGANS, J.   The petition states that the defendants were the proprietors of the Merchants' Hotel in this city, and, as inn-keepers, lodged and entertained the plaintiff for compensation; that at an early hour of the morning of December 22, 1870, he was in bed in his room in said hotel, and had therein a gold watch, chain, and seal of the value of $375; that the door of said room was locked, and at the call of one of the defendants' servants he unlocked the said door for the entrance of another servant of the defendants to make a fire; and a few minutes thereafter the door was opened from the outside, the room entered, and his watch, chain, and seal were stolen and entirely lost to him without his fault, to his damage $375, for which he asks judgment.

To this petition the defendants have demurred generally.

There is no doubt that a watch and its adjuncts are part of a traveler's baggage, for the safe-keeping and security of which an innkeeper is liable in a proper case. *Jones* v. *Voorhees,* 10 Ohio, 145.

There is no allegation in the petition that the defendants have complied with the law regulating the responsibility of innkeepers. 2 S. & C. 1425. By the common law an innkeeper is bound to take uncommon care of the goods, money, and baggage of his guests, and he is responsible for the acts of his servants as well as for the acts of other persons coming into his house as guest or otherwise; for it is his duty to provide honest servants and keep honest in-mates, and to exercise an exact vigilance over all persons coming into his house.

Now, it is objected that there is no sufficient allegation that the plaintiff was a guest for whose goods the defendants are responsible; but I think the averment that the plaintiff was entertained by the defendants as innkeepers

is sufficiently stated. The idea that he was entertained by defendants as boarding-house keepers is negatived.

Again, it is argued that the petition shows on its face that the plaintiff's loss was occasioned by his own negligence, although his statements are concluded by an averment of loss without his fault. But this is sufficient. Whether or not the plaintiff was negligent, would seem to be a question for determination on the hearing of the testimony. The guest is bound only to ordinary care.

*Ashill* v. *Wright*, 6 El. & Bl. 890. Of itself it might not be a sufficient defense that the plaintiff left his door unlocked, if, in other respects, he used due care. *Cayle's case*, 8 Co. 32.

At all events, I think the parties ought to answer, and the demurrer will be overruled.